IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**Daniel Griego** and
**Pauline Griego,**

              Plaintiffs,

v.                                                                                              No. CV-07-0172 BB/ACT

**City of Clovis** and
**Clovis City Commission,**

              Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendants' motion to dismiss. [Doc. 3]. The Court has reviewed the submissions of the parties and the relevant law, and finds that the motion is well supported. Thus, based on the reasons set forth below, the Court finds that the motion will be GRANTED.

**I.     Background**

Plaintiffs Daniel and Pauline Griego ("Griegos") filed a complaint which alleges claims pursuant to 42 U.S.C. § 1983, for deprivation of their equal protection rights, and 42 U.S.C. § 1985 (3), for conspiracy to interfere with their civil rights.

The Griegos are residents of Clovis, New Mexico. The City of Clovis ("City") notified the Griegos that it intends to condemn a strip of their property to construct an above ground drainage ditch. According to the complaint, the City also contacted the Griegos' adjacent neighbor and offered to build an underground drainage ditch on their property. However, the neighbor declined the offer and the City did not proceed with a condemnation action against the neighbor's property. The Griegos allege that the City has refused to consider building an underground ditch on the Griegos' property, despite the fact that the Griegos provided evidence to the City that an

underground drainage ditch would be feasible and cost effective. According to the Griegos, the City's different treatment of them and their neighbor is a constitutional violation.

The City has the authority to condemn private property for the public use of a ditch if it so chooses. NMSA 1978 § 42A-3-1. At this point however, the City has not gone forward with a condemnation of the Griegos' property. For this reason the City has filed the present motion to dismiss the suit for lack of subject matter jurisdiction, arguing the Griegos' claim is not ripe. In addition or in the alternative, the City argues the Griegos' complaint fails to state a claim for which relief can be granted because there has not been an equal protection violation. The City also requests an award of attorney's fees because the City alleges the Griegos' claim is frivolous and without foundation.

## II.      42 U.S.C. § 1983 Equal Protection Claim

The issue whether a claim is ripe for review bears on the Court's subject matter jurisdiction. *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1498-99 (10th Cir.1995). Accordingly, a ripeness challenge, like most other challenges to a court's subject matter jurisdiction, is treated as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). *Id*. at 1499. The ripeness inquiry requires the Court to evaluate "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Bateman v. City of West Bountiful*, 89 F.3d 704, 706 (10th Cir. 1996) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967)). Because neither of these factors support the exercise of jurisdiction over the Griegos' claim, the Court will dismiss the complaint without prejudice.

The central issue in this case is whether the Griegos can assert a claim for violation of their equal protection rights in a land regulation dispute, when the regulatory entity has yet to reach a final decision with regard to the land in question. The Griegos in their complaint stated the City

*intends* to condemn their property. Before the City had an opportunity to make a final decision regarding the condemnation of the Griegos' property, the Griegos filed this suit against the City claiming they have been discriminated against.

The Supreme Court has articulated a special ripeness doctrine for constitutional property claims. This doctrine precludes federal courts from adjudicating land use disputes until the regulatory agency has had an opportunity to make a final decision and the property owner exhausts available state remedies for compensation. *Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186 (1985). In other words, there are two requirements for a constitutional land dispute to be ripe. First, there must be a final decision; and second, there must be an exhaustion of state remedies. Without these two requirements the issue is not ripe for judicial decision. Although *Williamson County* was decided in the context of a Fifth Amendment takings claim, the Tenth Circuit has extended the special ripeness doctrine to include equal-protection-based constitutional property claims similar to the case at bar. *Bateman, supra*, 89 F.3d at 709; *Landmark Land Co. of Oklahoma, Inc. v. Buchanan*, 874 F.2d 717, 722 (10th Cir. 1989), *abrogated on other grounds*, *Federal Lands Legal Consortium v. United States*, 195 F.3d 1190 (10th Cir.1999).

In *Landmark*, the Tenth Circuit held that the government agency in question must make a final decision with respect to its land-use proposal before a district court can make a determination as to an equal protection land claim. *Landmark*, 874 F.2d at 722. Only when the property owners receive a final definitive decision regarding how the government will apply the regulation at issue will the district court be able to review the allegedly dissimilar treatment given to similarly situated landowners. *Id*. Therefore, the Griegos cannot maintain an equal protection lawsuit against the City

on the basis of an intended condemnation. The Griegos have not had any property taken yet and may never incur any damage to their property.

The Griegos attempt to avoid this result by arguing that *Willowbrook v. Olech*, 528 U.S. 562 (2000), gives them the authority to bring their equal protection claim. In *Olech*, the Supreme Court allowed a property owner to bring an equal protection suit because the village in which the property owner lived treated him differently than his similarly-situated neighbors. The Griegos argue that they were intentionally treated differently from others similarly situated, and there was no rational basis for this different treatment. [Complaint at ¶¶ 7 and 17]. Additionally the Griegos say that the City's actions were based upon malignant animosity towards the Griegos in violation of the equal protection clause of the Fourteenth Amendment. In sum, the Griegos argue that, like the plaintiffs in *Olech*, they too were treated differently than their neighbors and therefore they should be allowed to sue the City for this unequal treatment.

It is true that this case and the *Olech* case both concern land issues, but with respect to the ripeness element the *Olech* case is clearly distinguishable. The case at bar is an impending or threatened takings case that the Griegos are attempting to attack before formal condemnation proceedings begin. The *Olech* case did not involve a taking; past or future. Instead, the Olechs themselves petitioned the village to connect their property to the municipal water supply. The village conditioned the water connection on the Olechs' granting the village a 33-foot easement. The Olechs objected because the village had required only 15-foot easements from other property owners seeking access to the water supply.[1] The decision was final at the point the village denied the Olechs' request. The Tenth Circuit has recognized that *Olech* involved a final decision and has

---

[1] Three months later the village relented and agreed to provide water service with only a 15-foot easement. *Olech*, 528 U.S. at 563.

distinguished *Olech* from an equal protection claim attacking preliminary, rather than final, decisions. *See Jennings v. City of Stillwater*, 383 F.3d 1199, 1212 (10 Cir. 2004) (holding that "a plaintiff may not base an equal protection challenge to intermediate steps in a decisionmaking process, where the ultimate result was not discriminatory. That is sufficient to distinguish *Olech*, where the decision that was the subject of the litigation was a final action by the final decisionmaker."). Like the plaintiff in *Jennings*, the Griegos are attempting to challenge a preliminary decision. This type of challenge is not allowed because the decision challenged is not final.[2]

In sum, the relief the Griegos are requesting is the type of judicial action prohibited by the *Williamson County* ripeness doctrine. *Williamson County* recognized that the federal courts' role is not to enjoin localities from exercising their eminent domain powers, but to ensure that property owners are justly compensated when and if localities exercise that power. *Patel v. City of Chicago*, 383 F.3d 569, 574 (7th Cir. 2004). To grant relief to all targets of eminent domain proceedings who recast their takings claims as equal protection claims would render *Williamson County's* holding nugatory. *Id*. The equal protection claim against the City is not ripe for adjudication and Defendants' motion to dismiss will be granted due to lack of subject matter jurisdiction.

---

[2] In addition to their reliance on *Olech* the Griegos make other arguments opposing dismissal, none of which merits more than brief discussion. The Griegos claim to be at an impasse with the City. The Griegos appear to argue that this impasse should excuse them from pursuing further local administrative remedies. Whether exhaustion of remedies is required or not, a landowner must obtain a final decision regarding the government action in question before filing a § 1983 lawsuit. *Bateman*, 89 F.3d at 707-08. The Griegos also contend they have already been injured. The Griegos claim they have spent money and time attempting to prove to the City that an underground drainage ditch is necessary and feasible for their property and they have not been able to fully enjoy the use of their land due to the stigma of threatened condemnation. However, even if preliminary actions by the City may have already harmed the Griegos, they must wait for a final action before their claims will become ripe for adjudication.

**II.     42 U.S.C. § 1985 (3) Conspiracy to interfere with civil rights**

The provisions of 42 U.S.C. § 1985 (3) provide a means of redressing a conspiracy to deprive an individual of rights guaranteed under the Constitution. The Griegos claim that acts of the individual members of the City Commission were done in bad faith, willfully, maliciously, and with callous and reckless indifference or disregard to the Griegos' rights. This claim, however, suffers from the same deficiency as the § 1983 claim–it is not yet ripe for adjudication. *See Seguin v. City of Sterling Heights*, 968 F.2d 584, 590 (6th Cir. 1992) (holding when an equal protection claim is not ripe, the result is the same when violations of this right are sought to be vindicated under § 1985 (3)). For that reason, the Court lacks subject matter jurisdiction over the § 1985 (3) claim as well.[3]

**III.    City of Clovis' Request for Attorney's Fees**

The City claims the Griegos' lawsuit is frivolous, unreasonable, and without foundation and consequently has requested an award of attorney's fees. The issue of whether or not a court can enter a judgment for attorney's fees when the court lacks subject matter jurisdiction over the underlying action is not an easy question. There is a circuit split on the issue, and the Tenth Circuit has published apparently conflicting opinions addressing the question. *See United States ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1055-58 (10th Cir. 2004) (discussing the circuit split and holding that certain statutes may give the court the authority to award fees when the court does not have subject matter jurisdiction); *but see United States v. City of Kansas City, Kan.*, 761 F.2d

---

[3]. The Tenth Circuit has held that "§ 1985 (3) does not 'apply to all tortious, conspiratorial interferences with the rights of others,' but rather, only to conspiracies motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993), (quoting *Griffin* v. *Breckenridge*, 403 U.S. 88, 101-02 (1971)). The Griegos' complaint does not allege such discriminatory animus. However, since the Court is dismissing the case for lack of subject matter jurisdiction, the Court will not address the substantive adequacy of the Griegos' § 1985 (3) claim.

605, 607 (10th Cir. 1985) (holding that even when attorney's fees awards are allowable by statute the court cannot award such fees where the case has been dismissed for lack of subject matter jurisdiction). Even assuming this Court does have the power to award attorney's fees in the absence of subject matter jurisdiction, the Court declines to grant the City's request for such fees. The Griegos' understanding of the *Olech* case and its impact on ripeness, in the context of a case like this one, was not so frivolous as to justify an award of attorney's fees.

## IV.    Conclusion

Based on the foregoing reasons, this case will be dismissed without prejudice.

## ORDER

A memorandum opinion having been filed on this date, it is hereby ORDERED that the Motion to Dismiss [Doc. 3] filed by Defendants be, and hereby is, GRANTED. Defendant's request for attorney's fees is hereby DENIED.

Dated this 7th day of August, 2008.

_____
BRUCE D. BLACK
United States District Judge